Entered on Docket
March 18, 2008
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 18, 2008

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                           Case No. 06-42428 EDJ

ROY JOHN MONTANA, III and                       Chapter 13

JEANNE MARIE MONTANA,

                                        Debtors./

MEMORANDUM RE: MOTION TO DISMISS

    On January 30, 2008, Creditor RyAnn Montana ("Creditor") moved to dismiss the above-captioned chapter 13 case or convert it to chapter 7. Creditor contends that the debts of Debtors Roy John Montana, III and Jeanne Marie Montana ("Debtors") exceed the debt limits of Bankruptcy Code § 109(e) and that the Debtors are thus ineligible to file under chapter 13. The court heard the matter on March 13, 2008. Both Creditor and Debtors appeared through counsel. The court will deny Creditor's motion to dismiss.

    On December 12, 2006, Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code. Along with their petition,

Memorandum

Debtors filed schedules D, E, and F.[1]  Schedule D shows secured claims totaling $890,345.00.  Schedule E shows unsecured priority claims totaling $0.  Amended Schedule F shows general unsecured claims totaling $284,589.51.  Amended Schedule F includes Creditor's unliquidated, disputed claim with a stated value of "undetermined."

    Creditor's motion to dismiss hinges on Debtors being over the § 109(e) debt limits.  On the date Debtors filed their petition, § 109(e) stated, in relevant part:

> Only ... an individual ... and such individual's spouse ... that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $307,675 and noncontingent, liquidated, secured debts of less than $922,975 may be a debtor under chapter 13 of this title.

Debtors' noncontingent, liquidated, unsecured debt is $284,589, which is less than the $307,675 debt limit.[2]  Debtors' noncontingent, liquidated, secured debt totals $890,345, which is less than the $922,975 debt limit.  Therefore, Debtors do not exceed the § 109(e) debt limits.

    Creditor states in her motion that the debt limits are $250,000 for unsecured debts and $750,000 for secured debts. (Motion to Dismiss 4).  That is incorrect.  While those were the figures in 2000, they were increased twice prior to Debtors' date of filing.  *See* § 104.

    To the extent that Creditor used her claim of $685,773.98 in

---

[1] Debtors filed an amended Schedule F on February 21, 2007 to add two creditors, whose claims total approximately $5,281.

[2] The court notes that the $284,589 and $890,345 amounts are the same as those used in Creditor's motion.

Memorandum                            2

the calculation of Debtors' debts, Creditor is also incorrect. Unliquidated claims are not to be used in determining eligibility to be a debtor under chapter 13. *See In re Ho*, 274 B.R. 867 (9th Cir. B.A.P. 2002) (Bankruptcy court erred in including unliquidated claim when computing debt limits). All of the evidence points to this claim being unliquidated. Debtors scheduled this claim as unliquidated, disputed, and of an unknown amount. Debtors also objected to the claim arguing that it was not liquidated. Nowhere in Creditor's responses to the objection to claim does she dispute that her claim is unliquidated. Furthermore, Creditor's claim is currently the subject of an adversary proceeding and a state court civil proceeding.

To the extent that Creditor's motion argued unreasonable delay, the court does not find any unreasonable delay. Debtors' plan was confirmed timely. While Debtors' Motion to Modify and Objection to Claim have been continued several times, this was done primarily to give the parties time to resolve their disputes. In addition, these matters have been set for a final hearing.

Finally, Creditor argues that Debtors have not been making their plan payments. Debtors filed a motion to modify the required payment, which Creditor opposes. The matter is set for hearing. If Debtors prevail, the issue will be moot. Therefore, Creditor presents the argument prematurely. Moreover, the argument apparently assumes, improperly, that if the court denies Debtors' pending motion that the Debtors will be unable to perform under their current plan or to obtain any relief as to a further proposed

Memorandum 3

modification.  The court declines to dismiss the case on this ground.

For the reasons stated above, the court will issue its order denying Creditor's motion.

** END OF DOCUMENT **

Memorandum 4

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | |
| 3 | James P. McBride<br>Law Offices of James P. McBride |
| 4 | 1065 A St. #224<br>Hayward, CA 94541-4122 |
| 5 | |
| 6 | Max Cline<br>Law Offices of Max Cline<br>1300 Clay St. #600 |
| 7 | Oakland, CA 94612 |
| 8 | Julian T. Lastowski<br>Law Offices of Julian T. Lastowski |
| 9 | 459 Fulton Street, Suite 200<br>San Francisco, CA 94102 |